Argued and submitted March 16, affirmed May 11, reconsideration denied August 12, petition for review denied August 30, 1988 (306 Or 527)

BOWLIN,
*Appellant,*

*v.*

DESCHUTES COUNTY,
*Respondent.*

(87-CV-0050-TM; CA A44065)

754 P2d 30

Brian J. MacRitchie, Bend, argued the cause for appellant. With him on the brief was MacRitchie, Petersen & Stiegler, Bend.

Karen H. Green, Deschutes County Legal Counsel, Bend, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Petitioner seeks review of the circuit court's affirmance of a Deschutes County Board of Commissioners' (Commissioners) order. The trial court and the Commissioners found that petitioner's dog had injured "livestock" in violation of *former* Deschutes County Ordinance 203.1 and, accordingly, directed that the dog be killed. We affirm.

In January, 1987, three dogs attacked and wounded several llamas. Petitioner's dog was identified and seized as one of the participants. On February 6, 1987, the Commissioners, sitting as the board of supervisors of the county dog control district, held a hearing to determine whether the dog was a public nuisance as defined by the ordinance, which stated, in part:

"9. (A) Except as provided in subsection (C) of this section, any dog, whether licensed or not, which, while off the premises owned or under control of its owner, kills, wounds, or injures any livestock not belonging to the master of such dog, is a public nuisance and may be killed immediately by any person. However, nothing in this section applies to any dog acting under the direction of its master, or the agents or employees of such master."

A dog may be impounded and, if the Board finds that it engaged in a prohibited act, is to be destroyed humanely. *Former* Deschutes County Ordinance 203.1, § 10.

The Board found that petitioner's dog had participated in the attack on the llamas. Petitioner does not challenge that finding on appeal. Rather, he argues that the ordinance does not include llamas within the definition of livestock. Respondent County argues that the word "livestock" includes llamas.

No definition is provided in the ordinance. Petitioner contends that *former* ORS 609.010(1) supplies the definition, because the ordinance is almost identical to other sections of the state dog control statute, ORS 609.140 to ORS 609.190.[1] At the time County enacted the ordinance and at the time of

---

[1] ORS 596.010(3) and ORS 596.615 also define "livestock." Those definitions are not helpful to our analysis, because they are not included in the chapter dealing with animal control on which the ordinance is based and because neither section expressly includes or excludes llamas.

the attack in question, ORS 609.010(1) did not include llamas as livestock.[2]

County asserts that, because the ordinance omitted the statutory definition of livestock, while adopting other sections nearly verbatim, County intended to reject that statutory definition. Moreover, ORS 609.015(1) provides that the state statutes on dog control "shall not be construed to limit the powers of cities and counties to adopt ordinances and regulations, relating to the control of dogs." County was free to develop its own definition and was not bound to apply that of *former* ORS 609.010(1).

We are persuaded that County did not adopt the statutory definition. Because "livestock" is not defined in the ordinance, either directly or by incorporation, we look to the plain and ordinary meaning of the word. *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980). "Livestock" commonly refers to "domestic animals used or raised on a farm, especially those kept for profit." *Webster's New Collegiate Dictionary* 492. Even the common definition is not free from ambiguity, however. Llamas may or may not fit the usual understanding of "livestock." For example, there was evidence here that state Department of Agriculture employes did not consider llamas to be "livestock," but, in a letter to the District Attorney of a different county, the Department of Justice took the position that "livestock" encompasses llamas. Deschutes County residents testified to various views on whether llamas are livestock.

Although we must consider and give due weight to the enacting body's interpretation of local legislation that we construe, the meaning of the legislation is a legal question. The final interpretative responsibility is ours. *Gordon v. Clackamas County,* 73 Or App 16, 698 P2d 49 (1985). The Commissioners interpreted "livestock" to include llamas. In this unusual case, where the arguments for construing the ordinance in either of two possible ways are equally persuasive, the weight we accord to County's interpretation tilts the balance. We therefore conclude that the term "livestock" in the ordinance includes llamas.

---

[2] The statute was later amended to include them. Or Laws 1987, ch 415, § 1.

Affirmed.